UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA HERRERA *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PIERCE COUNTY *et al.*, <br><br> Defendants. | Case No. C95-5025FDB <br><br> REPORT AND RECOMMENDATION: <br><br> **NOTED FOR:** <br> **JULY 22nd, 2005** |

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is plaintiff's motion for an order directing the court monitor in this action to show cause why he should not be removed. (Dkt. # 121).

## FACTS

This action deals with conditions of confinement at the Pierce County Jail and in particular medical treatment at the Pierce County Jail. The case was settled in 1996. (Dkt. # 121, page 2). The Final Order and Judgment required a court monitor with respect to medical care. The monitor was to file reports at least twice a year that documented progress toward the jails achieving staffing goals and correcting procedural deficiencies. Over the years at least six reports were filed. (Dkt. #

REPORT AND RECOMMENDATION - 1

100, 101, 109, 110, 112, and 118). No report has been received since February of 2002. The monitor in this case has been Dr. Steve Sheldon although there is no formal order appointing him. Dr. Sheldon has sent correspondence to the parties and conducted inspections since 2002 but has not filed reports.

Plaintiff's counsel asks the court to issue an Order to Show Cause why Dr. Sheldon should not be replaced. Counsel cites problems obtaining answers to questions he sent Dr. Sheldon and the lack of reports. (Dkt. # 121). Plaintiff's counsel also indicates he wishes the court monitor to address a number of deaths at the Jail but provides nothing showing that specific function is part of the agreed duties of the monitor.

Defendants have responded to plaintiff's motion and indicate they oppose replacing Dr. Sheldon as the court monitor. (Dkt. # 123). The county agrees that a report from Dr. Sheldon should be required and that the monitor's job is unfinished. (Dkt. # 123). They oppose "disrupting the monitor's continuity and introducing a new physician at this late date in the litigation." (Dkt. # 123). Defendant's indicate the parties have worked hard to settle this action and have made progress toward complying with the settlement agreement. (Dkt. # 123).

On May 23rd, 2005 Dr. Sheldon sent a letter to the court indicating he was aware this motion was going to be filed, but he had not received the motion. (Dkt. # 125). Dr. Sheldon apologizes to the parties and the court for not filing reports and indicates he has been "exceedingly busy" as he is now the Medical Director for the Oregon Department of Corrections, acting "HS" Administrator for medical services and mental health services, and president of the National Society of Correctional Physicians. (Dkt. # 125). Dr. Sheldon indicates he has had many conversations with plaintiff's counsel. Dr. Sheldon believed the parties had accepted the progress toward compliance being made at the Pierce County Jail. (Dkt. # 125).

Dr. Sheldon indicates he believes the Pierce County Jail will be ready in 1 to 3 years to seek and obtain accreditation from the National Commission of Correctional Health Care. He indicates this will at the least move the parties toward closure of this case. Dr. Sheldon indicates he has invested considerable time and effort in developing working relationships with the parties and

REPORT AND RECOMMENDATION - 2

medical staff and he wishes to remain the court monitor and see this project through to a conclusion. (Dkt. # 125).

## DISCUSSION

This action was settled in 1996. It has been nearly nine years since the settlement was entered. Defendants have still not complied with the settlement agreement and brought and end to monitoring. Staffing levels called for in the settlement have allegedly not been attained. The court is gravely concerned.

A report from Dr. Sheldon that sets forth what still needs to be accomplished to end monitoring is in order. The report should cover what progress has been made since 1996. The report shall set forth what the court monitor believes needs to be accomplished to ensure the Pierce County Jails medical services meets the constitutional minimum. The report should also contain what Dr. Sheldon believes to be a reasonable timetable for completing whatever tasks the court monitor believes need to be accomplished. Dr. Sheldon indicates he believes accreditation from the National Commission of Correctional Health Care can occur in 1 to 3 years. The report will address whether this accreditation was part of the settlement agreement, and whether the accreditation represents the constitutional minimum or some higher standard.

To change monitor's at this time would not be productive. However, the parties and the court monitor in this action need a timetable for completing whatever actions are needed to conclude this case. This court proposes the monitor be given until **October 14th, 2005** to submit his report. Reports will then be due the second week in April and October until compliance with the settlement agreement is reached.

While the court is mindful that the parties have worked together to obtain final discharge of this action the court believes nine years to be more than adequate time to have complied with the settlement agreement. The court does not intend to allow this action to go on indefinitely.

By submitting a Report and Recommendation instead of a Recommended for Entry Order the court gives the parties and the court monitor a chance to submit objections. A proposed order accompanies this Report and Recommendation.

REPORT AND RECOMMENDATION - 3

1   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
2   parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.
3   R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
4   appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
5   72(b), the clerk is directed to set the matter for consideration on the court's **July 22nd, 2005** calendar
6   and note a response as being due **October 14th, 2005.**

8   DATED this 21st day of June, 2005.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

28  REPORT AND RECOMMENDATION - 4