UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SANDRA HERRERA *et al.*,

    Plaintiffs,

    v.

PIERCE COUNTY *et al.*,

    Defendants.

Case No. C95-5025FDB

REPORT AND RECOMMENDATION:

**NOTED FOR:
March 16, 2007**

This Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Before the court is plaintiff's motion for an order directing the court monitor in this action to show cause why he should not be removed. (Dkt. # 131). This is the second motion of this nature in the last two years.

## FACTS

This action deals with conditions of confinement at the Pierce County Jail and in particular medical treatment at the Pierce County Jail. In 1996, the parties signed a stipulated order that required the Pierce County Jail to bring its practices within certain defined standards (Dkt. # 132, attached stipulated order). Dr. Shelton has acted as a medical monitor by agreement of the parties

REPORT AND RECOMMENDATION - 1

since 1996.

The monitor was to file reports at least twice a year that documented progress toward the jails achieving staffing goals and correcting procedural deficiencies. Over the years seven reports were filed. (Dkt. # 100, 101, 109, 110, 112, 118, and 129). The latest report was filed October 28, 2005 (Dkt. # 129). The monitor in this case has been Dr. Steve Shelton although there is no formal order appointing him.

Plaintiff's counsel asks the court to issue an Order to Show Cause why Dr. Shelton should not be replaced. Counsel cites to lack of reports and failure to answer letters or calls to him as grounds for his motion. (Dkt. # 131).

Defendants have responded to plaintiff's motion and indicate they oppose replacing Dr. Shelton as the court monitor. (Dkt. # 133). The county does not know why reports have not been filed or written. They oppose changing the monitor at this late date in the litigation. (Dkt. # 133). Defendant's indicate the parties have worked hard to settle this action and have made progress toward complying with the settlement agreement. (Dkt. # 133).

If semiannual reports are the minimum, there should be close to twenty reports on file, there are only seven.

## DISCUSSION

This action was settled in 1996. It has been more than ten years since the settlement was entered. Defendants have still not complied with the settlement agreement and brought and end to monitoring. Staffing levels called for in the settlement have allegedly not been attained. The court indicated in 2005 it was gravely concerned (Dkt. # 126). Dr. Shelton's failure to actively monitor and report Pierce Counties progress toward attaining the goals in the settlement agreement should not be tolerated.

In 2005 the court stated "[t]o change monitor's at this time would not be productive" (Dkt. # 126). However, in 2005 Dr. Shelton had expressed a desire to remain the monitor and see this project through to completion. That desire has apparently not translated into action. The only report filed after the 2005 Report and Recommendation was filed late. Further, no report for the

REPORT AND RECOMMENDATION - 2

1  first or second half of 2006 has been filed.  Dr. Shelton should be ordered to show cause why he
2  should not re removed as court monitor.  A response should be due thirty days after this Report and
3  Recommendation are adopted.
4      By submitting a Report and Recommendation instead of a Recommended for Entry Order the
5  court gives the parties and the court monitor a chance to submit objections.  A proposed order
6  accompanies this Report and Recommendation.
7      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
8  parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.
9  R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
10 appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
11 72(b), the clerk is directed to set the matter for consideration on the court's **March 16, 2007.**

13     DATED this 16th day of February, 2007.

15                                            */s/ J. Kelley Arnold*
                                             J. Kelley Arnold
                                             United States Magistrate Judge

28 REPORT AND RECOMMENDATION - 3