# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

SANDRA HERRERA, et al.,

    Plaintiffs,

vs.

PIERCE COUNTY, et al.,

    Defendants.

**Case No.** C95-5025RJB/JKA

REPORT AND RECOMMENDATION
Re: Plaintiff's Motion to Terminate All Provisions of Consent Decree Other Than Those Relating to Health Care (Doc#251)

    This action was commenced by plaintiff's in January of 1995 (Doc.#1). Plaintiffs sought relief pursuant to 42 U.S.C. §1983 relating to alleged constitutional violations of conditions affecting inmates housed at the Pierce County Jail. Pursuant to 28 U.S.C.§ 636 the matter was referred to U.S. Magistrate Judge J. Kelley Arnold. (Doc.#2).

    This matter comes before the court on Defendant's Motion to Terminate all Provisions of Consent Decree Other Than Those Relating to Health Care (Doc.#251). The Motion is noted for September 25, 2009.

    The undersigned has considered Plaintiffs' Response (Doc.#257), Defendants' Reply (Doc.#260) and Plaintiffs' surreply with a Motion to Strike (Doc.#263), as well as all affidavits, declarations, and attachments to these pleadings. The undersigned having additionally considered all files and records herein, issues the following Report and Recommendation.

/////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

Order - 1

# **REPORT**

Plaintiffs' sought and received class certification approved by the Honorable Franklin D. Burgess May 12, 1995 (Doc.#27). On March 28, 1996, Judge Burgess approved and entered a Stipulated Order and Final Judgment in the nature of a Consent Decree (Doc.#89).

Aside from this motion, the following matters are pending:

1. A site visit by Dr. Joe Goldenson scheduled for Septermber 30, October 1, and October 2, 2009. Customarily, Dr. Goldenson prepares a draft report which is circulated to the parties for comment. A final report is then prepared and filed with the court. This report may trigger further pleadings on the cross motions regarding nursing staff referred to in the next succeeding paragraph.

2. Plaintiffs' motion for the court to order increased nursing staff, and Defendants' cross motion to terminate the Consent Decree as to any issue regarding nursing staff. Recognizing the imminent site visit by Dr. Goldenson and the anticipated time it will take to prepare a draft report, circulate the same for comment, and prepare a final report, this motion has been renoted for December 15, 2009.

3. A request for a Joint Status Report due October 2, 2009, issued by the Honorable Robert J. Bryan, which requests among other things a statement of remaining issues, a statement regarding possible ADR, and the possible implications of 18 U.S.C. §3626 regarding appropriate remedies with respect to prison conditions.

Specifically, Defendants now seek an order from the court terminating the Consent Decree as to all provisions addressing prospective relief other than those relating to "Medical, Dental, and Mental Health Care."(Doc #251).

Plaintiffs respond alleging and acknowledging the following:

1. that the issue of Outdoor Exercise has not been resolved,

2. no objection to terminating the following Consent Decree provisions: (a) Standards For Any New Permanent Jail Facility; (b) Religious Access; (c) Legal Access; (d) Charges for Medical Care; (e) Allegations of Staff Misconduct; (f) Bedding and Clothing; and (g) Air Quality, Heating, and Cooling. Plaintiffs assert, however that these issues cannot be terminated without notice to the class pursuant to F.R.C.P. 23(e) (Doc.#257).

Defendants reply asserting as follows:

Order - 2

1. that no issue remains regarding Outdoor Exercise; and

2. that F.R.C.P. 23 does not require notice to the class to terminate the Consent Decree as to undisputed issues and/or those terminated by the court.

Plaintiffs' surreply with a Motion to Strike certain allegations and statements by defense counsel's reply and affidavit (Docs #260/261) concerning the "outdoor exercise" issue.

## **RECOMMENDATION**

The Undersigned will address the recommendation in the order of the issues raised – all issues other than health care, outdoor exercise, and plaintiffs' motion to strike.

1. Pursuant to F.R.C.P. 23 the class received notice of the Consent Decree before approval. The decree contemplated compliance being resolved by the court with the assistance of a court-appointed monitor. That process has been underway for in excess of 13 years. F.R.C.P. 23(e) does not contemplate notice to the class of the court's adjudication of a matter. Its purpose is to protect class members in the instance of a "Settlement, Voluntary Dismissal, or Compromise." The court should declare the issues of (a) Standards For Any New Permanent Jail Facility; (b) Religious Access; (c) Legal Access; (d) Charges for Medical Care; (e) Allegations of Staff Misconduct; (f)Bedding and Clothing; and (g) Air Quality, Heating, and Cooling resolved for purposes of this litigation.

2. The issue of "Outdoor Exercise" appears to have been resolved by way of what appears to be an "updated" but undated Memorandum of Understanding (MOU) attached as Exhibit C.[1] The MOU clearly addresses the issues submitted to the county by plaintiffs. It is clear to the undersigned that the parties have resolved the issue of Outdoor Exercise. Plaintiffs' concern that the MOU has not been fully implemented does not negate the fact of resolution. Accordingly, the issue of Outdoor Exercise should be considered resolved.

3. Plaintiffs' Motion to Strike portions of defense counsel's affidavit and reply should be stricken or denied as not relevant to the basis of the court's recommendation.

4. Adoption of Recommendations 1, 2, and 3. as above set forth, would be tantamount to granting Defendants' Motion to Terminate All Provisions of Consent Decree Other Than Those

---

[1]Although the Memorandum of Understanding does not appear to be dated, both plaintiff and defense counsel state it was entered into July 1, 2009.

Order - 3

Relating to Health Care.

    5. If the court adopts the recommendations above set forth, the undersigned recommends that the parties be ordered to mediate the Health Care Issues before the court scheduled trial date. Although there have been past attempts at mediation, the undersigned believes that with the knowledge that resolution of the health care issues would bring finality and closure to this action, there may be additional incentive for mediation to be successful.

    6. Nothing in this recommendation should be construed to delay the parties responsibility to complete the Joint Status Report due October 2, 2009.

    Dated this 28th day of September 2009.

    */s/ J. Kelley Arnold*
    J. Kelley Arnold

Order - 4