```
                FILED _____ LODGED
                _____ RECEIVED

                   OCT 12 2010

             CLERK U.S. DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON AT TACOMA
       BY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA HERRERA, *et al.* | CASE NO. C95-5025RJB/JKA |
| Plaintiffs, | ORDER ON MOTIONS TO STRIKE MATERIAL |
| v. | |
| PIERCE COUNTY, *et al.* | |
| Defendants. | |

This 42 U.S.C. 1983 Action has been referred to the undersigned Magistrate Judge. Before the court are motions filed by defendants to strike materials submitted by plaintiffs. The materials were submitted in response to defendants' motion to terminate the remaining provisions of a consent decree. The motions to strike are found in replies (Dkt. # 332 and 345).

In Document 332 Defendants ask the court to strike the declaration of William Speir. Defendants assert that the declaration relates solely to the issue of Chronic Care, which defendants argue is no longer before the court. The court has examined the declaration. Mr. Speir outlines the history of a jail patient suffering from a number of ailments including liver failure. The patient's system accumulates ammonia when he does not take certain medication at regular times. This patient was sent from the jail to emergency rooms at St. Joseph Hospital, and Tacoma General Hospital repeatedly between November 21, 2009 and February 18, 2010.

ORDER - 1

*Although discharge instructions directed the jail to continue the medications without fail,* there were repeated delays in getting medication to the inmate. The court views the evidence as relevant to the issue of intake and intake procedures. The declaration states that 11 doses of medication were missed from January 15, 2010, through January 31, 2010. The inmate was sent to emergency rooms three times during this time frame (Dkt. # 325, page 3). Mr. Speir opines *that the authority to generate critical medications orders at booking needs to exist whether the* inmate is present or not. <u>The motion to strike the Spier declaration is DENIED.</u>

Defendants ask the court to limit Dr. Goldenson's declaration, (Dkt. # 326), to the issue of Monitoring Alcohol Withdrawal. Counsel argues the declaration contains irrelevant assertions and makes conclusory statements. Dr. Goldenson opines that once a day monitoring is unconstitutional. He states that "[w]ithout recognition and appropriate treatment, minor alcohol withdraw can rapidly progress to more severe, life-threatening forms of withdrawal such as DTs and/or alcohol withdrawal seizures." (Dkt. # 326). The court does not find the statements irrelevant or conclusory. Dr. Goldenson outlines the history of several cases of alcohol withdrawal treatment at the Jail. The declaration is properly before the court and may be cited by the parties as appropriate. <u>The motion to restrict consideration of the Goldenson declaration is DENIED.</u>

Defendants seek to strike the minutes from Quality Improvement Committee meetings. These minutes were attached to the declaration of Fred Diamondstone (Dkt. # 327, Exhibit 1, page 36 to 40). Meetings of this type best serve the public interest when the meetings take place in an environment that fosters candid discussion. To allow the meetings to be used as evidence inhibits that discussion. The meeting minutes are not admissible except to show that there is a Quality Improvement Committee and that it meets as required by the consent decree. The

minutes, (Dkt. # 327, Exhibit 1, page 36 to 40) will not be considered for purposes of this motion. The motion to strike the Quality Improvement Committee minutes is GRANTED.

In a "Surreply" dated October 8, 2010 (Dkt. # 345), defendant's move to strike the affidavit of Christina Dimock (Dkt. # 343) regarding an apparent ongoing dispute regarding discovery. The parties have not met and conferred prior to bringing this dispute to the court. The court will not take any action on this issue until the parties have complied with this court's Local Rules regarding discovery. See, Local Rule 37 (a)(1). The Dimock declaration is relevant in that it shows defendants belief as of October 8, 2010 that requested discovery had not been sent. Without prejudice to any future discovery motions, the motion to strike the Dimock declaration is DENIED.

Dated this 11th day of October, 2010.

/s/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

ORDER - 3