UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SANDRA HERRERA, et al.<br><br>                Plaintiffs,<br><br>     v.<br><br>PIERCE COUNTY, et al.<br><br>                Defendants. | CASE NO. C95-5025RJB/JKA<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: January 14, 2011 |

This 42 U.S.C. 1983 class action was filed January 19, 1995. The matter has been referred to the undersigned Magistrate Judge.

**<u>REPORT</u>**

Before the court is Plaintiffs' Motion for Notice to the Class Re: Settlement and Proposed Termination of Relief. (Dkt.# 360). The motion relates to the parties proposed stipulations filed as Dkts# 357, 358, and 359. The defendants object to the motion asserting that notification is not required under Fed. R. Civ. P. 23 and will result in "unnecessary and extensive delay and expense." (ECF No. 361). Defendants support their position with the history of the case.

REPORT AND RECOMMENDATION 1

Plaintiffs, in their reply, argue this is the first time the entire case has been dismissed, and given the "significant evidence of ongoing constitutional violations on the eve of this latest settlement notice is required.   Plaintiffs' argument is misguided and should be rejected." (ECF No. 362).

Having reviewed all materials submitted in support of and in response to said motion, as well as the files and records herein,  the undersigned concludes that no further notice is required and that plaintiff s' motion should be denied.

In reaching this conclusion, the court first considered how the class was certified.  On March 30, 1995, the undersigned filed a Report and Recommendation to certify the class pursuant to Fed. R. Civ. P 23 (b)(3).  (Dkt. # 19)[1].  Both parties objected to the report and agreed the class should be certified pursuant to Fed. R. Civ. P. 23 (b)(2) (Dkt. # 24 and 26).  On May 12, 1995 District Judge Franklin D. Burgess entered an order certifying the class, which order considered objections to the Report and Recommendation by the undersigned.  The order did not specifically indentify the section under which the class was certified (Dkt. # 27).

A *Stipulated Order and Final Judgment*  was entered in this matter March 28, 1996. (Dkt #89).   Pursuant to the terms of this Stipulated Order and Final Judgment the court retained jurisdiction "until such time as the court is satisfied that the terms of this Stipulated Order and Final Judgment have been implemented and that further supervision by the court is no longer necessary."  (Dkt. # 89, page 16, ¶16.1).  Pursuant to Fed. R. Civ. P. 23 (e) the court must direct notice to all class members who would be "bound by the proposal."   The class was notified. (Dkt. #85).  The plaintiff's class did not seek damages, and the settlement specifically states "nothing in this Stipulated Order and Final Judgment shall be deemed to waive the rights at law of any person to seek damages." (Dkt. # 89, page 14, ¶ 14.1).   Further notice is not necessary,  All activity and

---

[1] The first 120 or so documents in this action are not part of the electronic file and are maintained in hard copy in the clerk's office.  ECF refers to the Electronic Case file while Dkt. refers to the paper record (hard copy).

REPORT AND RECOMMENDATION 2

court involvement since the entry of the Stipulated Order and Final Judgment on March 28, 1996 has been for the purpose of monitoring and implementing the terms of the final judgment. No person currently housed at the jail is precluded from filing any action because of the terms of the settlement or the court's decision to terminate supervision over this case. Any person with proper standing has the ability to bring an action for damages or injunctive relief if the conditions at the jail violate their constitutional rights. The injunctive nature of the relief granted in this action has been remedial in nature.

## RECOMMENDATION

Based on the foregoing discussion, the undersigned recommends that plaintiffs' motion to notify class members be denied, as the same is not required under Fed. R. Civ. P. 23 (e).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also, Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the district court. See 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on January 14, 2011, as noted in the caption.

Dated this 20th day of December, 2010.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION 3